IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

VINCENT EDWARDS                                                                                     PLAINTIFF

VS.                                                             CIVIL ACTION NO. 1:17-cv-131-DMB-DAS

THE CITY OF TUPELO, MISSISSIPPI;
LEE COUNTY, MISSISSIPPI;
RAMIERRE WARREN; and JOE DOES, 1-5                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Class Certification [41], as well as a Supplemental Motion for Class Certification [82]. Having carefully considered the matter, the undersigned recommends that the motions for class certification be denied.

### Facts and Procedural History

After waiving his right to counsel, Plaintiff Vincent Edwards pled guilty in the Tupelo Municipal Court to driving with a suspended license and to contempt of court for failing to adhere to a fine-payment plan. Plaintiff contends he was subsequently incarcerated without an assessment of his present ability to pay, whereas Defendants assert by affidavit from the municipal court judges that a defendant's ability to pay was and is assessed as a matter of course upon appearance. However such assessment was made through oral questioning in open court, and municipal courts are not courts of record.[1] The judges aver that a payment plan requires defendants to pay at least five dollars per month or work one day a month at the City Work Program.[2] If a defendant cannot make the five-dollar

---

[1] Edwards concedes that "[t]he City of Tupelo and Lee County have apparently ceased this practice since the Plaintiff's incarceration, sometime in 2017. Also this practice has been abrogated by the Mississippi state legislature in §§ 99-19-20, 99-37-7 and 47-7-3[.]" [Dkt. 42], p. 2, n. 1; [Dkt. 83], p. 2, n. 2. The city affirms that municipal court judges now document the indigency inquiry. [Dkt. 51] p. 4, n. 4.

[2] The City Work Program is separate and distinct from the County Work Program. Notably, the City Work Program does not involve incarceration.

payment or participate in the work program, he must contact the court and explain why he cannot perform either option. When a defendant neither pays nor works, nor contacts the court, a show cause order is issued directing them to appear. Failing to appear or otherwise comply results in a warrant for contempt of court.[3] The municipal court order directs that Edwards be "incarcerated, working off fines at $75/day at the Lee County Work Center. If [Edwards] pays $400 [ten percent of his outstanding fines], the court will order [his] release, and the remaining balance must be paid within 60 days."[4] While working the garbage truck detail as part of the County Work Program, Edwards was struck by a motor vehicle, requiring his leg to be amputated. In addition to his personal injury claim, Edwards seeks to certify a class-action against the city for unconstitutionally maintaining a "pay or stay" debtors' prison by incarcerating individuals for non-payment of fines without appointment of counsel or assessing their ability to pay.

As Defendants note, Plaintiff's proposed class as presented in his motion to certify class [41], memorandum in support [42], supplemental motion to certify class [82], and memorandum in support [83] differs in each document. The motion is the official request for relief, whereas the memorandum contains the arguments that support granting the motion. Loc. Unif. Civ. R. 7(b). Therefore, the supplemental motion provides the proposed class:

> all individuals assessed fines by the City of Tupelo's sitting Municipal Court Judges who were ultimately found to be in contempt of court and incarcerated for their inability to pay those debts/fines owed without a "willfulness" inquiry to determine their ability to pay either the assessed fines or their payment plans for fines; all individuals who were imprisoned because they were unable to pay their debts to the City of Tupelo or fines, or who were coerced into pleading guilty, or who were incarcerated without advice of counsel; all indigent individuals who were placed into work programs in order to pay off their debts/fines assessed to them by the City of Tupelo Municipal Court; all individuals who were either threatened with the possibility of incarceration or who were actually incarcerated to pay off fines/debts;

---

[3] [Dkt. 84-7, 84-8].
[4] [Dkt. 83-2].

>all individuals deprived of their right to personal safety and security as a result of these practices; and, all individuals deprived of their right to liberty delineated herein for reasons directly or indirectly stemming from their poverty. Finally, the proposed class will include persons unconstitutionally imprisoned as a result of the City's "Pay or Stay" policy that was implemented through a joint effort of the City of Tupelo and Lee County, Mississippi to collect fines and operating revenue.

[Dkt. 82], p. 1-2.

## Class-Certification Standard

Plaintiff argues his case should be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure. Such a class action provides "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Haley v. Merial, Ltd.*, 292 F.R.D. 339, 346 (N.D. Miss. 2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). "Class actions promote efficiency and economy in litigation and permit multiple parties to litigate claims that otherwise might be uneconomical to pursue individually." *Id.* (citations omitted). While district courts have "'wide discretion' in determining whether to certify a class," the court "must rigorously analyze Rule 23's prerequisites before certifying a class." *Id.* Such analysis requires an understanding of "the relevant claims, defenses, facts, and substantive law presented in the case and often entails some overlap with the merits of the plaintiff's underlying claim that cannot be helped." *Id.* (citing *Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 345 (5th Cir. 2012); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)). To certify a class, the Court must be satisfied that the party seeking certification "has met its burden that (1) all four general class action prerequisites of Rule 23(a) are met, and (2) that the action is maintainable under one of the three categories set forth in Rule 23(b)." *Id.* (citing *In re Rodriguez*, 695 F.3d 360, 365 (5th Cir. 2012); *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007)).

**Rule 23(a) Prerequisites**

Rule 23(a) permits a class action only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims and defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

*(1) Numerosity*

To satisfy the numerosity requirement, Plaintiff must demonstrate some evidence or reasonable estimate of the number of purported class members. *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981). "However, this does not mean that the actual number of class members is the determinative question, for 'the proper focus (under Rule 23(a)(1)) is not on numbers alone, but on whether joinder of all members is practicable in view of the numerosity of the class *and all other relevant factors*.'" *Id.* (quoting *Philips v. Joint Legislative Committee*, 637 F.2d 1014, 1022 (5th Cir. 1981)) (emphasis added). Such "other relevant factors" include "the geographical dispersion of the class, the ease with which the class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Id. See also Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999) (finding reluctance of current employees to sue employer individually for fear of retaliation appropriate for numerosity consideration).

Plaintiff presents to the Court a list of names, with approximately 500 names highlighted as potential class members.[5] Although unclear to the Court due to the lack of headings, the list appears

---

[5] [Dkt. 83-1].

to contain the names of people incarcerated by the city along with their dates of incarceration. Every entry also contains the notations "fine paid" and "contempt of court." Plaintiff asserts the "list contains individuals who were incarcerated by the City of Tupelo in the Lee County Detention Center for Contempt of Court and only released upon payment of fines."[6] However, the documents provides no information—and Plaintiff presents no other evidence—regarding whether the highlighted individuals appeared for a hearing, whether the contempt was for failure to pay a fine or adhere to a payment plan, whether they were indigent, whether they were represented by counsel, or whether they were coerced, threatened, or otherwise unconstitutionally subject to a "pay-or-stay" debtors' prison. In short, Plaintiff has identified numerous individuals, but has failed to show any individual, other than perhaps himself, who qualifies under his own definition of the proposed class. Moreover, the only "other relevant factor" Plaintiff addresses is his assumption that the identified individuals were in fact indigent and, if indigent, would be economically disadvantaged to pursue individual litigation. He fails to address such factors as geographic dispersion, ease of identification, and nature and size of individual claims. Nor is there any allegation of fear of retaliation by filing individual suits. Consequently, the undersigned finds that Plaintiff has not met the numerosity requirement.

   *(2) Commonality*

"Commonality requires the plaintiff to demonstrate not only that the class members 'have all suffered a violation of the same provision of law,' but that they 'have suffered the *same injury*' such that 'all of the class members' claims can productively be litigated at once.'" *Haley*, 292 F.R.D. at 347 (quoting *Dukes*, 564 U.S. at 350). "Rule 23(a)(2) requires that all of the class member's claims depend on a common issue of law or fact whose resolution 'will *resolve* an issue that *is central to the*

---

[6] [Dkt. 83] p. 5, n. 3.

*validity* of each one of the class member's claims in one stroke.'" *Id.* (quoting *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 840 (5th Cir. 2012)).

Plaintiff argues the only question not common among his proposed class members is "the amount of time individual class members were incarcerated."[7] Plaintiff identifies the following common questions: Whether the city and county had/have a policy/custom of

   a. assessing fines to indigent individuals and incarcerating them for their inability to pay without a hearing to determine ability to pay;
   b. incarcerating individuals who were imprisoned for their inability to pay fines without appointing counsel;
   c. forcing or coercing individuals into work programs to pay off their fines;
   d. threatening individuals with the possibility of incarceration or actually incarcerating indigent individuals to pay off fines; and
   e. depriving individuals of their right to personal safety, security, and liberty.[8]

These questions are anything but common. Plaintiff's proposed class includes "all individuals . . . who were incarcerated without advice of counsel." Even if the city and/or county had a policy of "incarcerating individuals who were imprisoned for their inability to pay fines without appointing counsel," answering that question would not necessarily drive the litigation of a class member who was "incarcerated without advice of counsel," because Plaintiff's proposed class includes individuals who were incarcerated without counsel and were able—but failed to—pay their fines. Plaintiff's proposed class also includes "all individuals . . . who were coerced into pleading guilty" but Plaintiff's proposed common questions only address "coercing individuals into work programs." Returning to Plaintiff's question as to the appointment of counsel, the question includes all individuals imprisoned

---

[7] [Dkt. 83] p. 15.
[8] [Dkt. 83] p. 15-16.

for their inability to pay fines without appointment of counsel, but fails to account for individuals—*like Plaintiff*—who waived their right to counsel.[9]

Edwards seeks to certify a class of individuals based on wholly separate legal theories such as whether indigency hearings were held in contempt of court cases and whether a defendant received appointed counsel. He does not limit his class to indigents who neither received an indigency hearing nor were advised of their right to counsel in contempt of court cases. Moreover, he attempts to include all individuals "threatened with the possibility of incarceration," with no reference to indigency, contempt, or payment of fines. The issues are not sufficiently linked and narrowly tailored for the Court to dispose of the matter in one stroke. *See Perry*, 675 F.3d at 838. Edwards attempts to create a class of persons regarding claims that are completely unrelated and has therefore not met the commonality requirement. *See id.* at 844 ("Here, the proposed class's proffered common issues stretch the notions of commonality by attempting to aggregate several amorphous claims of systemic or widespread conduct into one super-claim.") (citations omitted).

*(3) Typicality*

Rule 23(a)'s third factor requires that the plaintiff's claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). "[T]he commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.* at 348 (quoting *Dukes*, 564 U.S. at 349 n. 5).

Plaintiff asserts that "Edwards' interests are aligned entirely and are nearly identical with all of the members of the proposed [c]lass."[10] Edwards claims he was "detained solely because of his

---

[9] [Dkt. 84-1].
[10] [Dkt. 83] p. 17.

poverty . . . without a judicial determination that [he] ha[d] an ability to pay and willfully refused to pay, and without access to counsel." However, Edwards' guilty plea and sentence included more than his contempt of court charge; he also pled guilty to driving with a suspended license. There is no evidence whether the proposed members of his proposed class had any other charges at the time they were held in contempt. Nor is there any attempt to clarify that fact in his proposed class definition. Also, while Edwards may have proceeded without counsel, he waived that right. Edwards participated in the work program. There is no evidence presented that *any* of the proposed class members participated in the work program. The undersigned therefore finds that Edwards has not shown that his claims are typical of his proposed class.

  *(4) Adequate Representation*

The plaintiff, as the class's proposed representative, must "fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). "The adequate representation requirement is satisfied if (1) the proposed representative has common interests with the unnamed members of the class; and (2) it appears that the proposed representative will vigorously prosecute the interests of the class through qualified counsel." *Haley*, 292 F.R.D. at 349 (citations omitted).

Plaintiff's proposed class centers largely on the alleged lack of indigency hearings and denial of the right to counsel. However, Edwards waived his right to counsel. This raises serious concerns about his ability to "vigorously prosecute the interests of the class" that potentially includes individuals that *did not* waive that right.[11]

Having found that Plaintiff cannot satisfy any (let alone all) of the Rule 23(a) prerequisites, the Court need go no further with its analysis. However, the undersigned will briefly address Rule 23(b) for completeness.

---

[11] The Court notes that the qualifications of Plaintiff's counsel are not called into question.

**Rule 23(b) Class-Certification Criteria**

It is unclear which provision(s) of Rule 23(b) Plaintiff contends he satisfies.[12] However, it appears to the undersigned that, at best, Plaintiff pursues 23(b)(2) and (3).

A class action may be maintained if Rule 23(a) is satisfied and if:

. . .

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

    (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

    (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

---

[12] *See* [Dkt. 42] p. 2 ("Pursuant to Rule 23(a) and (b)(2) . . . Plaintiff seeks to certify the class . . . ."); [Dkt. 42] p. 3 ("The proposed [c]lass meets the class certification requirements under Fed. R. Civ. P. 23(a) and (b)(2)."); [Dkt. 42] p. 4 ("Finally, Plaintiffs satisfy Rule 23(b)(2) . . . ."); [Dkt. 42] p. 10 ("[T]he class action falls under Rule 23(b)(2)."). *But see* [Dkt. 83] p. 1 (". . . pursuant to Rule 23(a) and 23(b)(1), (2), and (3) . . . ."); [Dkt. 83] p. 4 ("Pursuant to Rule 23(a) and 23(b)(2) and (3) . . . ."); [Dkt. 83] p. 4 ("The proposed class meets the class certification requirements under Fed. R. Civ. P. 23(a) and (b)(2)."); [Dkt. 83] p. 6 ("Class treatment under Rule 23(b)(3) is also appropriate . . . ); [Dkt. 83] p. 7 ("Finally, Plaintiff can satisfy Rule 23(b)(2), because . . . ."); [Dkt. 83] p. 18 ("Plaintiff Edward[s]' proposed [c]lass should be certified . . . under Fed. R. Civ. P. 23(a) and 23(b)(2) and (b)(3).").

*23(b)(2)*

"To satisfy Rule 23(b)(2), a plaintiff must show that '(1) the defendant's actions or refusal to act are generally applicable to the class as a whole and (2) injunctive relief predominates over damages sought.'" *Haley*, 292 F.R.D. at 350 (quoting *In re Rodriguez*, 695 F.3d at 365). "If relief specifically tailored to each class member would be necessary to correct the allegedly wrongful conduct of the defendant, Rule 23(b)(2) would not be an appropriate class-certification vehicle." *Id.* (citations omitted). Moreover, Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Dukes*, 564 U.S. at 360-61. "[I]ndividualized monetary claims belong in Rule 23(b)(3)." *Id.* at 362.

Edwards devotes almost all of his brief to discussing Rule 23(a), while providing scant arguments as to the Rule 23(b) criteria. However, he makes clear the proposed class would require "individual hearings on [c]lass-member specific damages based on special circumstances."[13] He identifies no injunctive relief in his motions or supporting memoranda. In his complaint, he seeks declaratory judgments that the city and county violated various provisions of the constitution and asks that they be enjoined from enforcing the allegedly unlawful practices at the heart of this litigation. However, Edwards concedes the city and county have ceased any such actions. More fatal is the fact that Edwards seeks compensatory damages for himself and the class for the alleged constitutional violations, punitive damages, and compensation for his unique personal-injury claim. Consistent with *Dukes*, the undersigned finds that the substantial monetary damages claimed take this case outside of Rule 23(b)(2).

---

[13] [Dkt. 83] p. 6.

*23(b)(3)*

"Rule 23(b)(3) provides that class certification is proper only when [1] the questions of law or fact common to class members predominate over any questions affecting only individual members, and [2] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Haley*, 292 F.R.D. at 353. "[P]redominance and superiority requirements of Rule 23(b)(3) are 'far more demanding' than Rule 23(a)(2)'s commonality requirement." *Id.* at n. 9 (quoting *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 737 (5th Cir. 2003)).

As discussed *supra*, Edwards has not identified questions of law or fact common to the members of his proposed class. The fact that Edwards has provided the Court with no evidence or proposed estimate (other than his specious list) of potential class members also cuts against certification because Plaintiff has failed to carry his burden of showing that the case is manageable as a class action. The parties do not dispute that the Northern District of Mississippi is an appropriate forum for the proposed class and neither contends that there is any litigation concerning the controversy already begun. As to individual interests, Plaintiff argues that his interests align with the proposed class and that his personal-injury claim is irrelevant to class certification. Although it is true that the undersigned stayed all substantive matters pending a determination of the class-certification issue, that does not render Edwards' personal-injury claim irrelevant. The fact remains that, while litigating the proposed class action, Edwards is pursuing a personal-injury claim against the city and county for injuries he received while on the garbage detail of the work program for which he seeks to hold the city and/or county liable. He does nothing to counter the Defendants' argument that "his damages as a result of the accident while on the work detail would be far superior to any other proposed plaintiff" and that his individual interest

in pursuing that claim would predominate over the interests of the class. And the fact that Edwards attempts to include disparate claims within his class cuts against manageability. The undersigned therefore submits that Plaintiff has failed to satisfy the Rule 23(b)(3) criteria.

### Miscellany

Also before the Court is Plaintiff's [54] Motion for Stay of Ruling on Class Certification. Plaintiff filed his [41] Motion to Certify Class on October 12, 2018, before the close of class-certification discovery, due to a misunderstanding between his attorney and a clerk in the undersigned's chambers. He filed the Motion to Stay on November 2, 2018, asking this Court to hold ruling on the Motion to Certify until the close of discovery. On January 17, 2019, the undersigned entered an Order [79] following a telephonic conference that extended the deadline for class-certification discovery and set a deadline of February 28, 2019, for filing any dispositive motions, "including any motion to certify the class or to supplement the motion to certify the class." The supplemental motion to certify was filed on that date. Because the Court allowed supplementation and because the discovery deadline has passed, the undersigned recommends the Motion to Stay Ruling on Class Certification is moot.

Also before the Court is the city's [89] Motion to Strike the Declaration of Halbert E. Dockins, Jr.,[14] attached to Plaintiff's Reply in support of class certification [88-2]. The city argues that the Dockins declaration should be stricken because it (a) contains inadmissible hearsay and (b) fails to include language that it was made "under penalty of perjury" as required by 28 U.S.C. § 1746. In response to the motion, Plaintiff attached an amended declaration that includes the requisite "under penalty of perjury" language. Plaintiff argues that the declaration contains no hearsay and cannot be stricken because it is not a "pleading."

---

[14] Dockins is Plaintiff's counsel.

The declaration describes how Dockins and his staff requested information and files from the city and county regarding the highlighted names. They reviewed "the first 100+ files." At issue is paragraph nine, which states:

> We then did a sampling of phone calls to the defendants. Many of the phone numbers we took from the files were inoperable or were incorrect, however, out of the ones we were able to reach, *every one* confirmed that they were jailed on the day they appeared for court without a hearing and that they had no present financial ability to pay their fines or fine payment plans on the day they were jailed.[15]

Plaintiff argues that Dockins merely *confirmed* information and asserted no statement in violation of the rule against hearsay. *See* F.R.E. 801 (a) (defining "statement" as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion"). Plaintiff appears to operate on the belief that if Dockins did not quote the speaker or specifically say that the speaker said "x," that he has asserted no statement. However, Dockins clearly declared that the proposed class members he called "confirmed (*i.e.*, told him) that they were jailed . . . without a hearing and that they had no present financial ability to pay . . . ." And that is inadmissible hearsay.

Plaintiff argues that the Court cannot strike the declaration because it is neither a pleading nor attached to a pleading, citing *Riviera S. Apt. Inc. v. QBE Ins. Corp.*, 2007 WL 2506682 at *1 (S.D. Fla. Aug. 30, 2007) ("[B]ecause the exhibit that Defendant seeks to have stricken is not a 'matter' included in any pleading, it cannot be stricken pursuant to Rule 12(f)."). However, as an exercise of the court's "inherent power to control the disposition of the causes on its docket," courts in this circuit permit affidavits, declarations, and depositions to be challenged by motions to strike "because the Federal Rules provide no other means to contest their sufficiency." *See McGovern v. Moore*, 2013 WL 5781315 at *2, n. 2 (W.D. La. Oct. 25, 2013); *Anderson v. Ga.*

---

[15] [Dkt. 91-1] p. 3.

*Gulf Lake Charles, LLC*, 2008 WL 919716 at *1 (W.D. La. Apr. 4, 2008) (citing *U.S. v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005)). The undersigned therefore recommends that paragraph nine of the amended Dockins declaration [91-1] be stricken as inadmissible hearsay. *See Moret v. Geren*, 494 F. Supp. 2d 329, 336 (D. Md. 2007) ("If portions of an affidavit are inadmissible, the whole affidavit need not be stricken but only those portions which are deficient.").

The undersigned notes that even giving the Dockins declaration full consideration, the undersigned's recommendation remains unchanged. Dockins declared that he reviewed "100+ files" and "not one defendant on the list was jailed for any reason other than non-payment of fines or failure to adhere to a payment plan." Yet he makes no reference to whether the individuals were indigent, received an indigency hearing, were advised of their right to counsel, or whether they waived that right.

He then declares that he "did a sampling of phone calls," but that "[m]any of the phone numbers . . . were inoperable or incorrect." "[H]owever, out of the ones [he was] able to reach, *every one* confirmed that they were jailed . . . without a hearing . . . and that they had no present financial ability to pay their fines or fine payment plans on the day they were jailed." The Declaration again makes no reference to the right to counsel or whether the individuals participated in the County Work Program (upon incarceration) or whether they were informed of the option to participate in the City Work Program (pre-incarceration) or directed to notify the court if they were unable to pay or work pre-incarceration. More fatal to Plaintiff's claim the fact the declaration does not identify who or—more importantly—how many of the individuals contacted made these confirmations. He concedes that "many" of the phone numbers were incorrect or inoperable. While he declares that "every one" he contacted made the confirmation, there is no indication of what

that number is. Therefore, the Declaration supports neither the commonality nor the numerosity requirements of Rule 23(a).

## Conclusion

For the reasons fully explained above, the undersigned recommends that:

1. Plaintiff's [41] Motion for Class Certification, as supplemented by Plaintiff's [82] Supplemental Motion to Certify Class, be DENIED.

2. Plaintiff's [54] Motion for Stay of Ruling on Class Certification is MOOT.

3. Defendant City of Tupelo's [89] Motion to Strike the Declaration of Halbert E. Dockins, Jr. be GRANTED IN PART, striking Paragraph 9 as inadmissible hearsay.

## Procedure for Filing Objections

The parties are referred to L. U. Civ. R. 72 (a)(3) for the applicable procedure in the event they desire to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this, the 24th day of July, 2019.

                                      /s/ David A. Sanders
                                  UNITED STATES MAGISTRATE JUDGE