# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**VINCENT EDWARDS, Individually, and**                    **PLAINTIFF**
**on behalf of all others similarly situated**

**V.**                                            **NO. 1:17-CV-131-DMB-DAS**

**THE CITY OF TUPELO, MISSISSIPPI,**
**et al.**                                                **DEFENDANTS**

## ORDER

Vincent Edwards seeks to challenge on a class action basis the incarceration of persons unable to pay debts owed to the City of Tupelo and/or Lee County, Mississippi. Before the Court are a number of pending motions as well as the July 24, 2019, Report and Recommendation of United States Magistrate Judge David A. Sanders.

## I
## Procedural History

On August 18, 2017, Vincent Edwards, "individually and as class representatives," filed a "Complaint for Violation of Civil Rights" against the City of Tupelo, Mississippi; Lee County, Mississippi; Ramierre Warren; and certain fictitious parties. Doc. #1. In addition to individual claims asserted by Edwards, the complaint proposed a class action based on certain allegedly unconstitutional practices of the City and the County. *Id*. at 3–5.

On October 12, 2018, Edwards filed a motion to certify a class defined as:

> all individuals assessed fines by the City of Tupelo's sitting Municipal Court Judges who were incarcerated for their inability to pay those debts/fines owed without an inquiry being done to determine their ability to pay; all individuals who were imprisoned for their inability to pay debts/fines without appropriate counsel being appointed on their behalf; all indigent individuals who were forced into Work Programs in order to pay off their debts/fines assessed to them by the City of Tupelo Municipal Court; all individuals who were either threatened with the possibility of incarceration, or who were actually incarcerated to pay off fines/debts; all

individuals deprived of their right to personal safety and security; and, all individuals deprived of their right to liberty.

Doc. #41. However, on November 2, 2018—after he sought leave to amend the complaint[1] and after the City and the County responded in opposition to class certification[2]—Edwards filed a motion to stay a ruling on the motion to certify "until discovery is complete and the class has been identified or at least until discovery issues are resolved." Doc. #54 at 2.

One week after seeking the stay on his motion to certify, Edwards, with leave of the Court, filed an amended complaint against the same defendants. Doc. #57. In addition to individual claims not pertinent here, the amended complaint asserts four proposed constitutional claims, titled as (1) "The City Violated Plaintiffs' Rights by Incarcerating them for Non-Payment of Debts without a Constitutional Inquiry into their Ability to Pay," (Count One); (2) "The City Violated the Plaintiffs' Rights by Imprisoning them for Inability to Pay Debts without Appointing Adequate Counsel," (Count Two); (3) "The City of Tupelo and Lee County's Scheme of Forcing Indigent Prisoners to Labor in Order to Work off their Debts Violates the Thirteenth Amendment to the United States Constitution and Federal Law," (Count Three); and (4) "The use of Incarceration and Threats of Incarceration to Collect Debts Owed to the City Violates the Equal Protection Clause," (Count Four). *Id*. at 10–13.

On February 28, 2019, Edwards filed a supplemental motion for class certification, seeking certification of the following proposed class:

> all individuals assessed fines by the City of Tupelo's sitting Municipal Court Judges who were ultimately found to be in contempt of court and incarcerated for their inability to pay those debts/fines owed without a "willfulness" inquiry to determine their ability to pay either the assessed fines or their payment plans for fines; all individuals who were imprisoned because they were unable to pay their debts to

---

[1] Edwards filed a motion requesting leave to amend the complaint three days after he filed the motion to certify. Doc. #43.

[2] Docs. ##50–52.

the City of Tupelo or fines, or who were coerced into pleading guilty, or who were incarcerated without advice of counsel; all indigent individuals who were placed into work programs in order to pay off their debts/fines assessed to them by the City of Tupelo Municipal Court; all individuals who were either threatened with the possibility of incarceration or who were actually incarcerated to pay off fines/debts; all individuals deprived of their right to personal safety and security as a result of these practices; and, all individuals deprived of their right to liberty delineated herein for reasons directly or indirectly stemming from their poverty. Finally, the proposed class will include persons unconstitutionally imprisoned as a result of the City's **"Pay or Stay"** policy that was implemented through a joint effort of the City of Tupelo and Lee County, Mississippi to collect fines and operating revenue.

Doc. #82 at 1–2. After the City filed a response opposing the supplemental motion[3] and the County joined the response,[4] Edwards replied. Docs. #87, #88. In support of his reply, Edwards submitted a declaration from one of his attorneys, Halbert E. Dockins, Jr. Doc. #88-2. Shortly after, the City moved to strike the Dockins declaration. Doc. #89.

On July 24, 2019, United States Magistrate Judge David A. Sanders issued a Report and Recommendation ("R&R") recommending that (1) the motion for class certification, "as supplemented by" the supplemental motion for class certification, be denied; (2) the motion to stay ruling be denied as moot; and (3) the motion to strike be granted in part and denied in part. Doc. #94. On August 13, 2019, Edwards filed objections to the R&R,[5] Doc. #97; a motion for voluntary dismissal, Doc. #98; and a motion for an evidentiary hearing on the issue of class certification, Doc. #99. All motions are fully briefed.

## II
## Standard of Review

Following a report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." 28 U.S.C. §

---

[3] Doc. #84.

[4] Doc. #86. The City and the County are represented by the same attorneys.

[5] Edwards sought and received an extension to object to the R&R. *See* Doc. #96.

636(b)(1). "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

### III
### Motion to Stay

In his motion to stay, Edwards seeks to stay a ruling on his first motion to certify "until discovery is complete and the class has been identified or at least until discovery issues are resolved." Doc. #54 at 2. Judge Sanders' R&R recommends finding this motion to be moot "[b]ecause the Court allowed supplementation and because the discovery deadline has passed …." Doc. #94 at 12. Neither party has objected to this recommendation, and the Court sees no clear error in it. Accordingly, the motion to stay will be denied as moot.

### IV
### Motion to Dismiss

Edwards "requests an order from the Court allowing [him] to voluntarily dismiss all claims and issues other than whether indigency hearings were held in contempt of court cases." Doc. #103 at 3. The City argues this is, in substance, an "amendment" which is "untimely and improper." Doc. #109 at 1–2.

Ordinarily, motions for voluntary dismissal are governed by Federal Rule of Civil Procedure 41, which allows a party to voluntarily dismiss a claim by (1) filing a notice of dismissal before the party serves either an answer or a motion for summary judgment; (2) filing a stipulation of dismissal signed by all parties who have appeared; or (3) obtaining a court order "on terms that the court considers proper." However, Federal Rule of Civil Procedure 23(e) governs voluntary dismissals in class actions. Following a 2003 amendment to Rule 23(e), "the overwhelming majority of courts have held that when no class has been certified, voluntary dismissal of a putative

4

class action is governed not by Rule 23 but by Rule 41 ….". *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1082–83 (8th Cir. 2017). However, a "Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims." *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010). Thus, when a plaintiff seeks to dismiss fewer than all claims against a single party, he "should do so by amending his complaint pursuant to Rule 15." 9 FED. PRAC. & PROC. CIV. § 2362 (3d ed.). Accordingly, a motion for voluntary dismissal of fewer than all claims should be construed as a motion to amend a complaint under Rule 15. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Because no class has been certified in this case, and because Edwards' motion seeks dismissal of fewer than all claims against a single party, the Court will evaluate the motion to dismiss as a motion to amend.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading as of right within "21 days after serving it, or … 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If, as here, a party may not amend as of right, it "may amend its pleading only with the opposing party's written consent or the court's leave." *Id*. Leave should be freely granted "when justice so requires." *Id*.

While Rule 15 governs amendments generally, "Rule 16(b) of the Federal Rules of Civil Procedure governs amendment of pleadings after a scheduling order deadline has expired." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 734 (5th Cir. 2018) (alterations omitted). When an amendment deadline has passed, "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the … decision to grant or deny leave." *Id*. at 734–35. The existence of good cause is evaluated under four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the

5

amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 735 (alterations omitted).

As to the reason for the delay, Edwards argues the proposed amendment is in response to Judge Sanders "concern[s] about the Rule 23 prerequisites." Doc. #103 at 2. However, Edwards was on notice of many, if not all, of the issues raised by Judge Sanders when the City responded to his supplemental motion for certification. Accordingly, the Court finds the explanation for the delay weighs against allowing modification of the scheduling order.

However, the remaining factors weigh in favor of allowing the modification. While Edwards has objected to the R&R, the Court's review of the thorough and well-reasoned document suggests no error in the analysis regarding Edwards' proposed class certification. The proposed amendment, which addresses many of Judge Sanders' concerns, is therefore important to Edwards' claims. *See Montalvo v. Bank of Am.*, No. 10-cv-360, 2011 WL 13234972, at *6 (W.D. Tex. May 3, 2011) (proposed amendment important to "address deficiencies pointed out" in motion for judgment on the pleadings). Furthermore, because Edwards' proposed amendment was timely filed after Judge Sanders' recommended disposition, and because the amendment would not add new claims or parties, the Court finds no potential prejudice to the defendants. *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 626 (6th Cir. 2002) ("[B]ecause Plaintiff's request to amend was a prompt effort to remedy pleading deficiencies identified by the district court in the dismissal order—as opposed to an effort to add new claims or parties—we envision no prejudice to Defendant from granting leave to amend."). Finally, the Court finds that any prejudice which does exist could be cured by a continuance. Accordingly, the Court, upon consideration of the relevant factors, finds good cause to modify the scheduling order to allow amendment. *See In re Petro. Prods. & Servs., Inc.*, 557 B.R. 918, 922 (Bankr. S.D. Tex. 2016) ("The importance of WDI's

6

proposed amendments, the lack of a clear prejudice to Kana, and the potential ability of a continuance to cure or minimize any prejudice against Kana outweigh the lack of an adequate explanation for the length of WDI's delay in amending its complaint.").

Having found good cause to extend the amendment deadline, the Court turns to the propriety of amendment under the more lenient standard of Rule 15. When considering a motion to amend, a court should consider five favors: (1) "undue delay;" (2) "bad faith or dilatory motive;" (3) "repeated failure to cure deficiencies by previous amendments;" (4) "undue prejudice to the opposing party;" and (5) "futility of the amendment." *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016). Notably, the pendency of a report and recommendation does not preclude the grant of leave to amend. *See generally United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) ("The district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint.").

In applying the factors, the Court finds that Edwards acted promptly after the R&R; that there is no evidence of bad faith or dilatory motive; that, for the reasons above, there is no likelihood of prejudice to the defendants in allowing the amendments; and that there is no indication the amendment would be futile.[6] These factors outweigh the fact that Edwards had, on one previous occasion, amended his complaint. Accordingly, the Court finds the proposed amendment to be in the interest of justice. Therefore, Edwards' motion to dismiss, which is in substance a motion to amend, will be granted.[7]

---

[6] *See In re Urethane Antitrust Litig.*, 235 F.R.D. 507, 515 (D. Kan. 2006) ("[I]f defendants want the court to deny plaintiffs leave to amend on the grounds of the futility of the proposed amendment, then they must, at a bare minimum, meet their burden of establishing that the proposed class could not be certified given the expanded relevant product definition.").

[7] Edwards, apparently viewing his motion to dismiss as purely that, has not submitted a proposed amended complaint to the Court. Based on the relief sought in the motion to dismiss, the Court presumes, and will only allow, Edwards

# V
# Motions to Certify and Motion to Strike

Because the Court has found that Edwards is entitled to amend his complaint to drop numerous claims which partially define his class, his previous motions for class certification will be denied as moot. *See Wright v. City of Wilmington*, 677 F. App'x 95, 96 (3d Cir. 2017) (district court should have "dismiss[ed] then-pending motion for class certification as moot in light of … change to the class definition in … amended complaint and wait[ed] for Appellants to move to certify the new class"). Thus, the R&R will be adopted to the extent it recommends treating the first motion to certify as moot[8] but will be rejected as moot to the extent it recommends addressing the second motion to certify on the merits. For the same reasons, the Court will deny as moot the motion to strike the Dockins declaration.[9]

---

to amend his complaint to drop "all claims and issues other than whether indigency hearings were held in contempt of court cases …." Doc. #98 at 1.

[8] Although the R&R recommended denying the motion generally, the substance of the order, which addressed only the proposed class in the supplemental motion, suggests Judge Sanders found the first motion moot. *See* Doc. #94 ("[T]he supplemental motion provides the proposed class.").

[9] Had it not been denied as moot, the Court likely would have been inclined to reject in part the R&R's recommendation as to the motion to strike. The City sought to strike the Dockins declaration as "not compliant with 28 U.S.C. § 1746" and as containing inadmissible hearsay. Doc. #90 at 2–3. Edwards argued the declaration contains no hearsay. *See* Doc. #92. Edwards also submitted a supplemental declaration addressing the § 1746 deficiency. Doc. #91-1. The R&R recommended denying the motion to the extent it seeks to strike the declaration on § 1746 grounds based on the supplemental affidavit but granting the motion to the extent it seeks to strike its paragraph 9 as inadmissible hearsay. Doc. #94 at 13–14. The R&R further noted that even if the paragraph had been considered, its ultimate recommendation as to certification would not have changed. *Id*. The Court agrees with the R&R that the supplemental affidavit cured any § 1746 deficiency but is less certain regarding the propriety of striking paragraph 9 as hearsay.

While the Fifth Circuit does not appear to have addressed the propriety of considering hearsay in an ordinary motion for class certification, it has held that certification of a securities class action dependent on a fraud-on-the-market theory "must be made based on adequate admissible evidence to justify class certification." *Unger v. Amedisys Inc*. 401 F.3d 316, 319 (5th Cir. 2005). Notwithstanding *Unger*'s holding, courts in this circuit, in non-securities class actions, have held that "the rules of evidence do not apply in full force" to a motion to certify class when the evidence is "not offered as evidence of the merits of Plaintiffs' claims, but to support their class certification motion." *Steward v. Janek*, 315 F.R.D. 472, 478 (W.D. Tex. 2016). This approach is consistent with the holdings of "most district courts … that evidence need not be admissible under the Federal Rules of Evidence—or that the rules should not be applied strictly—on a motion for class certification." *Flores v. Anjost Corp*., 284 F.R.D. 112, 124 n.3 (S.D.N.Y. 2012) (collecting cases); *see Paxton v. Union Nat'l Bank*, 688 F.2d 552, 562 n.14 (8th Cir. 1982) ("Hearsay testimony may be admitted to demonstrate typicality."). Because nothing in *Unger* suggested the admissibility requirement was intended to extend beyond fraud-on-the-market class certifications, the Court would be inclined to follow the majority

# VI
# Motion for Hearing

Finally, Edwards has moved for a hearing, ostensibly on his newly proposed class. Doc. #99. While Rule 23 does not require an evidentiary hearing on the question of class certification, a "district court should ordinarily conduct an evidentiary hearing on this question." *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986). This is so "even when counsel fails to move for such a hearing." *Morrison v. Booth*, 730 F.2d 642, 644 (11th Cir. 1984) (interpreting Fifth Circuit authority). "Only in cases free from doubt, where clear grounds exist for denial of class certification may a district court escape this obligation." *Merrill*, 806 F.2d at 608 (quotation marks and alterations omitted).

As it stands, the Court is in no position to evaluate the necessity of an evidentiary hearing on Edwards' new proposed class (particularly since the amended complaint regarding the new proposed class has not yet been filed). Accordingly, the motion for hearing will be denied without prejudice.

# VII
# Conclusion

In accordance with the rulings set forth above for the reasons stated:

1. Edwards' motion to dismiss [98], which is in substance a motion to amend, is **GRANTED**. Within seven (7) days of this order, Edwards may file a second amended complaint which *only* drops "all claims and issues other than whether indigency hearings were held in contempt of court cases."

2. Edwards' two previous motions to certify [41][82] are **DENIED as moot**.

---

rule that evidence supporting a motion for class certification need not be admissible under the Federal Rules of Evidence.

3. Edwards' motion to stay [54] is **DENIED as moot**.

4. The City's motion to strike [89] is **DENIED as moot**.

5. Edwards' motion for a hearing [99] is **DENIED without prejudice**.

6. The R&R [94] is **ADOPTED in Part** to the extent it recommends finding moot the initial motion for certification and the motion to stay. The R&R is otherwise rejected.

**SO ORDERED**, this 24th day of September, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**