**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**VINCENT EDWARDS, Individually, and**                                   **PLAINTIFF**
**on behalf of all others similarly situated**

**V.**                                                                **NO. 1:17-CV-131-DMB-DAS**

**THE CITY OF TUPELO, MISSISSIPPI,**
**et al.**                                                                                               **DEFENDANTS**

## ORDER

This proposed class action case is before the Court on the City of Tupelo, Mississippi's motion for reconsideration of the Court's September 24, 2019, order. Doc. #121.

**I**
**Procedural History**

On August 18, 2017, Vincent Edwards, "individually and as class representatives," filed a "Complaint for Violation of Civil Rights" against the City of Tupelo, Mississippi; Lee County, Mississippi; Ramierre Warren; and certain fictitious parties. Doc. #1. In addition to individual claims asserted by Edwards, the complaint proposed a class action based on certain allegedly unconstitutional practices of the City and the County. *Id*. at 3–5. On October 12, 2018, Edwards filed a motion to certify the proposed class. Doc. #41.

Later, Edwards, with leave of the Court, filed an amended complaint against the same defendants.[1] Doc. #57. In addition to individual claims, the amended complaint asserted four proposed constitutional claims, titled as (1) "The City Violated Plaintiffs' Rights by Incarcerating Them for Non-Payment of Debts without a Constitutional Inquiry into Their Ability to Pay," (Count One); (2) "The City Violated the Plaintiffs' Rights by Imprisoning Them for Inability to

---
[1] The first amended complaint was filed on November 9, 2018. *See* Doc. #57.

Pay Debts without Appointing Adequate Counsel," (Count Two); (3) "The City of Tupelo and Lee County's Scheme of Forcing Indigent Prisoners to Labor in Order to Work Off Their Debts Violates the Thirteenth Amendment to the United States Constitution and Federal Law," (Count Three); and (4) "The Use of Incarceration and Threats of Incarceration to Collect Debts Owed to the City Violates the Equal Protection Clause," (Count Four). *Id*. at 10–13. On February 28, 2019, Edwards filed a supplemental motion for class certification based on the claims asserted in the amended complaint. Doc. #82 at 1–2.

On July 24, 2019, United States Magistrate Judge David A. Sanders issued a Report and Recommendation ("R&R") recommending, among other things, that the motions to certify be denied. Doc. #94. On August 13, 2019, Edwards filed objections to the R&R, Doc. #97; a motion for voluntary dismissal as to all claims but those related to indigency hearings for those held in contempt, Doc. #98; and a motion for an evidentiary hearing on the issue of class certification, Doc. #99.

On September 24, 2019, this Court issued an order which, of relevance here (1) construed Edwards' motion for voluntary dismissal as a motion to amend filed after the amendment deadline; (2) found good cause to modify the scheduling order to consider Edwards' untimely filing; and (3) found sufficient grounds to grant the motion to amend. Doc. #120. On October 1, 2019, the City of Tupelo filed a motion for reconsideration on the issue of amendment, Doc. #121; the County joined the motion for reconsideration, Doc. #123; and Edwards, pursuant to the September 24 order, filed a second amended proposed class action complaint, Doc. #124. The motion for reconsideration has been fully briefed. Docs. #122, #126, #127, #128.

## II
## Standard of Review

As a general rule, a request for reconsideration of an interlocutory order, such as the one at

issue here,[2] is properly treated as a motion for reconsideration under Federal Rule of Civil Procedure 54(b). *See Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 538 n.1 (E.D. Tex. 2007) ("Alpha's motion was improperly filed under [Rule] 59(e) because no final judgment has been entered. However, it is undisputed that the court has discretion to treat the motion as one for reconsideration under [Rule] 54(b).").

> Although the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e). Accordingly, district courts … frequently apply the same standards to the two.

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (collecting cases). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id.* Additionally, "a trial court is free to reconsider and reverse interlocutory orders for any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law." *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727–28 (5th Cir. 2012).

## III
## Analysis

In their motion for reconsideration, the defendants raise three arguments: (1) because Edwards' motion for voluntary dismissal did not reference Rule 16, he "waived/forfeited" his right

---

[2] *See Bush v. Keith*, 129 F. App'x 108, 109 (5th Cir. 2005) (order granting leave to amend interlocutory).

3

to seek modification of the scheduling order; (2) the relevant factors do not support modification of the scheduling order; and (3) the relevant factors do not support amendment of the complaint. Doc. #121.

### A. Forfeiture and Waiver

In arguing forfeiture and waiver, the defendants rely on *Innova Hospital San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*,[3] a case in which the Fifth Circuit held a party forfeited its right to challenge on appeal a denial of a motion to amend when it did not discuss Rule 16 in its opening or reply briefs. 892 F.3d 719, 735 (5th Cir. 2018). In considering the defendants' argument, it is important to distinguish between the concept of forfeiture, which refers to a "failure to make the timely assertion of a right," and waiver, which involves "an intentional relinquishment of a known right." *NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 259 n.7 (5th Cir. 2017). While a court ordinarily should not raise a *waived* argument, it may consider a *forfeited* one. *Id*. Notably, while *Innova* cited cases regarding waiver, it expressly held the argument at issue was forfeited, not waived. 892 F.3d at 735.

Here, there is no indication Edwards intentionally relinquished a right to seek modification of the scheduling order under Rule 16. While the Court certainly could have deemed this right forfeited, it was not required to do so. More fundamentally, whether waived or forfeited, it is undisputed that a district court may sua sponte modify a scheduling order. *Jones v. J.C. Penney's Dep't Stores, Inc.*, 228 F.R.D. 190, 203 (W.D.N.Y. 2005); *Khodeir v. Sayyed*, 323 F.R.D. 193, 196–97 (S.D.N.Y. 2017). Accordingly, the Court did not err by treating Edwards' motion for voluntary dismissal as a motion to modify brought under Rule 16.

---

[3] *See* Doc. #121 at 3.

4

### B. Good Cause

The existence of good cause under Rule 16 is evaluated under four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Innova*, 892 F.3d at 735 (alterations omitted). In the September 24 order, this Court found that all but the first factor weighed in favor of finding good cause. Doc. #120 at 6. In their motion for reconsideration, the defendants argue each factor weighs against good cause because (1) Edwards failed to offer a valid explanation for the delay; (2) the amendment is not important because it would be futile; (3) they would be prejudiced by responding to "new" allegations; and (4) they would be prejudiced by a continuance, which could involve additional discovery. Doc. #121 at 5. For the reasons set forth in the September 24 order, the Court agrees that the first factor weighs against a finding of good cause. But that is where agreement with the motion for reconsideration ends.

As to importance, the defendants argue amendment would be futile (and thus unimportant) because even if the proposed amendment addressed some of Judge Sanders' concerns, as this Court initially concluded, "[t]he same deficiencies regarding numerosity [identified in Judge Sanders' R&R] exist even if the plaintiff is allowed to amend." Doc. #122 at 7.

Ordinarily, an amendment is not "futile" unless the claims "clearly" lack merit. *De La Garza Guiterrez v. Pompeo*, 741 F. App'x 994, 1000 (5th Cir. 2018). In the class action context, "[l]eave to amend should be denied as futile if the allegations in the proposed amended complaint, when viewed in the light most favorable to the plaintiff, demonstrate that the proposed class *cannot* be certified under Rule 23." *Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, 277 F. Supp. 3d 337, 347 (E.D.N.Y. 2017). Factual disputes regarding the ability to certify are "more appropriately

addressed in the context of motions to certify the proposed class[]." *Presser v. Key Food Stores Co-op., Inc.*, 218 F.R.D. 53, 57 (E.D.N.Y. 2003).

In discussing numerosity with regard to Edwards' then-proposed class, Judge Sanders' R&R stated:

> Plaintiff presents to the Court a list of names, with approximately 500 names highlighted as potential class members. Although unclear to the Court due to the lack of headings, the list appears to contain the names of people incarcerated by the city along with their dates of incarceration. Every entry also contains the notations "fine paid" and "contempt of court." Plaintiff asserts the "list contains individuals who were incarcerated by the City of Tupelo in the Lee County Detention Center for Contempt of Court and only released upon payment of fines." However, the documents provide no information—and Plaintiff presents no other evidence—regarding whether the highlighted individuals appeared for a hearing, whether the contempt was for failure to pay a fine or adhere to a payment plan, whether they were indigent, whether they were represented by counsel, or whether they were coerced, threatened, or otherwise unconstitutionally subject to a "pay-or-stay" debtors' prison. In short, Plaintiff has identified numerous individuals, but has failed to show any individual, other than perhaps himself, who qualifies under his own definition of the proposed class. Moreover, the only "other relevant factor" Plaintiff addresses is his assumption that the identified individuals were in fact indigent and, if indigent, would be economically disadvantaged to pursue individual litigation. He fails to address such factors as geographic dispersion, ease of identification, and nature and size of individual claims. Nor is there any allegation of fear of retaliation by filing individual suits. Consequently, the undersigned finds that Plaintiff has not met the numerosity requirement.

Doc. #94 at 4–5.

While it is true Judge Sanders identified numerous deficiencies which touch on Edwards' new proposed class, there is no indication Edwards would have been unable to make the required showing had he been provided the evidentiary hearing to which he was likely entitled. *See Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986) ("Only in cases free from doubt, where clear grounds exist for denial of class certification may a district court escape [the] obligation [to hold a hearing].") (quotation marks omitted); *Morrison v. Booth*, 730 F.2d 642, 644 (11th Cir.

1984) (hearing must be granted sua sponte if warranted).[4]  Put differently, at most Judge Sanders' R&R suggests that, *based on the evidence presented*, the proposed claim likely would have failed the numerosity requirement.  This does not mean the claim itself is futile.  Under these circumstances, the Court concludes that the proposed amendment is not clearly meritless.  It follows then that the Court did not err in deeming the amendment important to Edwards' case.

The defendants' arguments as to the remaining factors rely on general contentions of prejudice arising from (1) defending against a meritless suit; (2) participating in additional discovery; and (3) defending against additional claims from individual defendants.  Each of these arguments is unpersuasive.  First, for the reasons above, the Court cannot conclude at this time that the proposed action is meritless.  Second, no additional discovery has been authorized and, because the amendment resulted in no additional claims, no such discovery will likely be needed.[5]  Finally, the Court does not see how maintenance of the proposed *class* action would result in *individual* claims against the defendants.  Accordingly, the defendants have not shown grounds which would justify altering the previously reached finding of good cause.

### C.  Amendment under Rule 15

Finally, pointing to Edwards' delay in seeking amendment and to the alleged futility of the proposed class, the defendants contend this Court erred in allowing amendment under Federal Rule

---

[4] The defendants, citing *Merrill*, have argued that Edwards was not entitled to an evidentiary hearing. *See* Doc. #107 at 2–3.  In *Merrill*, the Fifth Circuit declined to remand for an evidentiary hearing where the plaintiff (1) *never moved* for an evidentiary hearing; (2) was on notice of the need to present additional evidence; and (3) the plaintiff could not establish prejudice from the lack of a hearing.  806 F.2d at 609.  In reaching this conclusion, the panel noted that "[a]ny error in not conducting a hearing was harmless." *Id*.  Thus, *Merrill*'s holding relates only to what constitutes harmless error and, therefore, does not stand for the proposition that a failure to move for an evidentiary hearing deprives a plaintiff of the right to one.  Regardless, unlike the plaintiff in *Merrill*, Edwards moved for a hearing before disposition of the motion (albeit after the R&R's issuance).

[5] The lack of new claims differentiates this case from *Garcia v. Unit Drilling Co.*, an unpublished case heavily relied on by the defendants, in which the Fifth Circuit found no abuse of discretion in denying a motion to amend to *add* numerous claims filed in response to a motion to dismiss.  396 F. App'x 133 (5th Cir. 2010).

7

of Civil Procedure 15. Doc. #122 at 10–13. This Court previously concluded that the delay standing alone did not warrant denial of leave, and the defendants have offered no argument as to why this was error. Furthermore, for the reasons above, the Court concludes that the defendants have failed to adequately establish futility.

## IV
## Conclusion

The defendants' motion for reconsideration [121] is **DENIED**.

**SO ORDERED**, this 1st day of November, 2019.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
