**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**VINCENT EDWARDS, Individually, and**                                   **PLAINTIFF**
**on behalf of all others similarly situated**

**V.**                                                 **NO. 1:17-CV-131-DMB-DAS**

**THE CITY OF TUPELO, MISSISSIPPI,**
**et al.**                                                                            **DEFENDANTS**

**ORDER**

In this proposed class action case, Lee County, joined by the City of Tupelo, moves to strike Exhibit A filed by Vincent Edwards in support of his supplemental motion for class certification. Doc. #139. As explained below, the motion to strike will be denied.

**I**
**Procedural History**

On October 1, 2019, Vincent Edwards, "Individually, and on behalf of all others similarly situated," filed "Plaintiff's Second Amended Class Action Complaint for Violation of Civil Rights" against the City of Tupelo, Mississippi; Lee County, Mississippi; Ramierre Warren; and certain fictious individuals. Doc. #124. The complaint proposes a class action of

> municipal court defendants … who were and are incarcerated by Defendants City of Tupelo and Lee County for contempt of court for nonpayment of fines, fees and/or costs. … without a determination, following a meaningful inquiry into the individual's ability to pay the fines and court costs or adhere to the court's installment payments plans, that the individuals willfully refused to make the debt payments.

*Id*. at 4.

On May 1, 2020, Edwards filed a supplemental motion to certify the proposed class. Doc.

#135.  In support of the motion, Edwards filed a 44-page document as "Exhibit A."[1]  Doc. #136-1.  The memorandum accompanying the motion describes Exhibit A as "[t]he Lee County Correctional Facility logs from 2013 through 2016," which were "provided to Plaintiff's counsel by Defendants in response to a discovery request."  Doc. #136 at 9, 13.

On May 11, 2020, Lee County filed a motion to "disregard" and strike Exhibit A.  Doc. #139.  The motion, which was joined by the City, Doc. #140, is unsupported by a memorandum brief but asks "that the Court waive any requirement that a separate brief be filed in support … as the motion is self-explanatory."  Doc. #139 at 4.  The motion to strike is fully briefed.  Docs. #153, #154.

## II
## Analysis

The motion to strike argues that, contrary to Edwards' representations, Exhibit A "is not a document that was produced in this case."  Doc. #139 at 1.  Rather, the defendants argue that the exhibit was "created by Plaintiff's counsel" and "is inadmissible and unreliable and should be disregarded by the Court and stricken from the record."  *Id*.  Specifically, the defendants contend that (1) Exhibit A was created by Edwards' counsel from two discovery documents and, therefore, is not what it purports to be—a document "produced by the Defendants in response to a discovery request;" and (2) the documents provided in discovery "were created in response to Plaintiff's discovery requests, and the documents produced are not kept in the ordinary course of business by the County."  *Id*. at 1–3.  Edwards responds that the motion to strike is unaccompanied by a memorandum of authorities, that Rule 12 does not justify striking the document, that the County

---

[1] Contrary to Local Rule 7(b)(2), Exhibit A and other documents were filed as exhibits to Edwards' supporting memorandum brief.  However, because the defendants have also filed exhibits contrary to this rule, *see, e.g.,* Doc. #151, which noncompliance was at times brought to their attention by the Clerk of Court, the Court will excuse such noncompliance in this instance.

"cannot impeach and challenge the authenticity and reliability of documents it produced," and that any changes made by Edwards' counsel are immaterial. *See* Doc. #153 at 2–3, 7–8, 11.

With certain exceptions inapplicable here, the Local Rules of this Court require that a movant file a memorandum brief in support of a motion, and grant the Court discretion to deny the motion if no memorandum is filed. L.U. Civ. R. 7(b)(4). The purpose of the memorandum requirement is to ensure that a movant satisfies Federal Rule of Civil Procedure 7(b)(1)(B)'s dictate that a motion "state with particularity the grounds for seeking the order." 5 FED. PRAC. & PROC. CIV. § 1192 (3d ed.) ("When confronted with the problem of the lack of particularity in a motion, many district courts have secured the necessary information … by adopting a local rule that requires the movant to submit a brief or memorandum in support of the motion at the time it is made or shortly thereafter."). Accordingly, the memorandum requirement may be waived when the grounds for granting the motion are so straightforward that they may be stated with particularity in the motion itself. *See Ketchum v. Condor Reliability Servs., Inc.*, No. 1:97-cv-393, 1998 WL 94818, at *4 (N.D. Miss. Jan. 8, 1998) ("The legal issues which the motions before this court contained were relatively simple and unremarkable, and memoranda explaining the issues were therefore unnecessary."); *Pressley v. Brownfield*, No. 93-c-961, 1995 WL 476589, at *3 (N.D. Ill. Aug. 9, 1995) ("We do not believe, however, that failure to file a supporting memorandum merits denial of the motion in this case. The legal standards are simple and well established.").

The issues raised in the motion to strike are not so straightforward as to justify waiver of the memorandum requirement.[2] While the motion contends that the plaintiffs misrepresented the source of the document, it cites no authority that misrepresentation of the source of a document

---

[2] While the defendants provided detailed arguments in their reply, "[a]rguments cannot be raised for the first time in a reply brief." *Little Tchefuncte River Assoc. v. Artesian Util. Co., Inc.*, 155 F. Supp. 3d 637, 657 (E.D. La. 2015).

justifies striking the document, whether as a sanction (which may be appropriate under the circumstances) or for another reason.  Furthermore, while the defendants argue that Exhibit A is unreliable because it was not kept in the ordinary course of business,[3] the defendants do not address the more relaxed evidentiary standard likely applicable to Edwards' motion to certify the proposed class[4] or consider the salient issue of whether the information would be admissible, in whole or part, as a summary of voluminous writings pursuant to Federal Rule of Evidence 1006.  For these reasons, the motion to strike [139] is **DENIED**.[5]

**SO ORDERED**, this 12th day of August, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Whether the defendants' production was in the form of a .pdf or an Excel spreadsheet, the Court questions the production of admittedly unreliable information which was not maintained in the ordinary course of the business of the County and/or the City, even if such was intended to resolve a discovery dispute.

[4] *See Edwards v. City of Tupelo*, No. 1:17-cv-131, 2019 WL 4643989, at *4 n.9 (N.D. Miss. Sept. 24, 2019) ("[T]he Court [is] inclined to follow the majority rule that evidence supporting a motion for class certification need not be admissible under the Federal Rules of Evidence.").

[5] This purely procedural ruling is not to say that Exhibit A will be entitled to any weight in the class certification inquiry.  The arguments touched upon in the motion to strike are set forth in detail in the defendants' response to the pending motion for class certification.  *See* Doc. #142 at 3–7.  Such arguments will necessarily be considered during the disposition of the motion for class certification.