IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**VINCENT EDWARDS, Individually, and**                       **PLAINTIFF**
**on behalf of all others similarly situated**

**V.**                            **NO. 1:17-CV-131-DMB-DAS**

**THE CITY OF TUPELO, MISSISSIPPI,**
**et al.**                        **DEFENDANTS**

## ORDER

Over four months after the deadline set by the Court for Vincent Edwards to renew his motion for class certification,[1] Edwards moved for leave to file such a motion based on his attorney's "medical restriction." Doc. #169. By order issued January 11, 2022, this Court denied Edwards' motion for leave after considering the excusable neglect factors and concluding:

> The justification for and length of the delay weigh against a finding of excusable neglect, the risk of prejudice is neutral, and the movant's good faith weighs in favor of finding excusable neglect. Accordingly, after weighing the relevant factors, the Court determines that Edwards has not shown excusable neglect in support of his motion for leave to file a renewed motion for class certification.

Doc. #179 at 7–8. The Court also noted that Edwards' proposed motion for class certification violated the Local Rules and that "[t]his procedural deficiency is additional reason to deny the motion for leave as the Court declines to allow the filing of a document which does not comply with Local Rule requirements." *Id.* at 8 n.5.

On January 26, 2022, Edwards filed a motion for reconsideration pursuant to Rule 54(b) asking the Court to "reconsider its discretionary 'good cause' and 'excusable neglect' findings" and allow him "a last opportunity to correctly file his documents in accordance with Local Rules

---

[1] *See* Doc. #164 at 2.

to correct his attorney's violation." Doc. #183 at 1. He argues that there is "an absence of any evidence of bad faith," the defendants would not be prejudiced by granting leave to file the motion for class certification, and "[a] motion for class certification should not be denied due to 'a violation of a local rule.'" Doc. #184 at 5. In response, the defendants argue that the Court "fully considered the issue and set forth … its well-reasoned basis for denial" and that Edwards "has provided no argument to justify a sufficient reason for this Court's reconsideration." Doc. #192 at 2; *see* Doc. #193 (joinder).

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient …." *Id.* (internal quotation marks omitted).

Edwards has failed to provide sufficient reason for the Court to reconsider its decision that he failed to satisfy the excusable neglect standard. While Edwards argues the defendants would not be prejudiced and there is no evidence of bad faith, this Court previously considered these factors and found the prejudice factor neutral and the good faith factor weighed in his favor. Doc. #179 at 7. And the Court has never questioned the seriousness of his attorney's medical condition; rather, the Court found such did not justify "a total failure to monitor activity in this case for approximately six months."[2] *Id.* at 5–6 (discussing *Hutton v. Bank of N.Y. Mellon Tr. Co., N.A.*, 847 F. App'x 252, 252–53 (5th Cir. 2021), which found no excusable neglect where missed

---

[2] Edwards' attorney appears to have another person linked to his CM/ECF account such that when CM/ECF notices are/were received by him they also are/were received by someone else, presumably in his office. To the extent someone else in Edwards' attorney's office was aware of the order setting the deadline for the renewed motion for class certification, Edwards offers no explanation why such person would not have alerted Edwards' attorney of the deadline or ensured that some action on Edwards' behalf be taken in light of it.

deadline was due to counsel's failure to "take steps to protect her clients' interests during the eight-week period she claims she was incapacitated"). Finally, with respect to Edwards' argument that "[a] motion for class certification should not be denied due to 'a violation of a local rule,'"[3] the Court cited the Local Rule violation present in the *proposed* renewed motion for class certification as simply another factor weighing against granting the motion for *leave* to file the proposed renewed motion.[4] Doc. #179 at 8 n.5.

Because Edwards' arguments for reconsideration do not alter the Court's determination that he failed to satisfy the excusable neglect standard so as to be granted leave to file a renewed motion for class certification after the deadline, the motion for reconsideration [183] is **DENIED**.

**SO ORDERED**, this 15th day of March, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Doc. #184 at 5. Edwards relies on two cases to support this argument but they are easily distinguished. Neither deals with the issue of class certification nor stands for the general proposition that a motion may not be denied for failure to comply with local rules. Rather, both cases hold that a district court may not grant summary judgment based only on the nonmovant's failure to properly respond under local rules. *See John v. State of La. (Bd. of Trs for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985) ("[A]lthough [the Fifth Circuit] ha[s] endorsed the adoption of local rules that require parties to file responses to opposed motions, [it] ha[s] not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation."); *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule.").

[4] In *Hibernia*, the Fifth Circuit held the district court abused its discretion in refusing to set aside the summary judgment where the defendant moved for leave to file its summary judgment response the same day summary judgment was granted and attached to its motion for leave an unexecuted copy of its summary judgment response, finding that the defendant's "minimal tardiness … was not enough to justify depriving Granados of the right to present a substantive defense." 776 F.2d at 1278, 1280. Here, Edwards did not submit a corrected proposed motion for class certification with his motion for reconsideration and, as stated above, he failed to act until four months after his deadline expired.